UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHANIEL MALOY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:23-cv-01168 (UNA) ) ) |
| INTERNAL REVENUE SERVICE, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case without prejudice for the reasons stated herein.

Plaintiff, a resident of Pahrump, Nevada, sues the Internal Revenue Service ("IRS") on the basis of diversity jurisdiction, but from there his complaint is far from a model of clarity. He alleges that the IRS is not "allowing [him] to close the case even though [he] closed the bank account . . . leaving [him] to deal with this however they see fit." He demands between $155,000 and $200,000 in damages because "the above mentioned . . . bank account associated with this case is fraudulent and [he has] closed it," but the IRS is allegedly "not allowing [him] to close [the] case." Per the documents attached to the complaint, it appears that plaintiff contests the contents of certain tax return(s), and one or more 1099-Ks, sent to him from "Paypal powered by Braintree," regarding payments that were reported to the IRS through a third-party processor that he purportedly received as proceeds of an online business, that were then distributed into a "BBVA Bank account." It also appears that he has corresponded with both Braintree and BBVA regarding

the bank account at issue, and that on or about August 2021, the IRS acknowledged plaintiff's challenge to changes on one of his tax returns.

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls into this category.

Second, plaintiff cannot bring this suit on the basis of diversity of jurisdiction. Assuming *arguendo* there was a cognizable claim against the IRS, its presence in this District is irrelevant because federal agencies are not considered "citizens of a state." *Texas v. ICC*, 258 U.S. 158, 160 (1922); *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584–85 (D.C. Cir. 1993).

Third, though it is unclear under what, if any, legal authority plaintiff intends to bring this suit, the court acknowledges that the Administrative Procedures Act ("APA") waives the sovereign immunity of the United States for certain claims against federal agencies. *See* 5 U.S.C. §§ 701–06. But the APA only waives immunity for non-monetary claims against federal agencies, *see id.* § 702; *Cohen v. United States*, 650 F.3d 717, 723 (D.C. Cir. 2011) (en banc) ("[T]here is no doubt

Congress lifted the bar of sovereign immunity in actions not seeking money damages."), and here, plaintiff explicitly seeks monetary damages.

Fourth, under the APA, a "final agency action" is necessary prior to judicial review and plaintiff has seemingly received no such agency determination.  *See* 5 U.S.C. § 704; *see also McCoy v. Cardamone*, 646 F. Supp. 1143, 1144–45 (D.D.C. 1986).  It is further unclear what obligation, if any, the IRS has under the APA, or any other statute, to otherwise comply with plaintiff's requests regarding his bank account, or what responsibility it has regarding the underlying actions of Braintree or the BBVA.

For all of these reasons, the court grants plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and dismisses the complaint without prejudice, ECF No. 1.  An order accompanies this memorandum opinion.

Date:  May 9, 2023                                         _____/s/_____
                                                                          RUDOLPH CONTRERAS
                                                                          United States District Judge